1840.

KORTRIGHT
*v.*
SMITH.

KORTRIGHT, Committee, &c. *v.* SMITH and others.

---

Real estate was vested in a trustee for a *feme covert* with power of appointment. The property was sold; and a mortgage taken back in the name of the trustee, who died. She also departed this life without appointing, but left children. Her husband assumed to sell this mortgage. On a bill filed to foreclose it; *Held*, that the children ought to be before the court.

---

*Jan.* 29, 1840.

*Pleading. Parties.*

CAUSE heard on bill and answer.

Nicholas Gouverneur, by will, after directing his real estate to be divided into lots or shares, left part of it as follows : " And the remaining shares (if any there be) of the said lots and real estate, I give to my said executors and executrix and the survivors and survivor of them and the heirs of such survivor, upon the further trusts following, that is to say : to draw and set apart one of the said shares for and in respect to each of my daughters then living. And during the lives of my said daughters respectively to lease and demise their respective shares upon such terms as shall seem best and to pay the net rents and profits thereof, from time to time, to each of my said daughters respectively during her life, upon her own receipt and as her separate estate, not subject to the debts, control or disposition of any husband nor to be assignable or in any manner divested from the use of my said daughters. And upon further trust to convey the said shares respectively upon the decease of my said respective daughters to such person or persons and for such estates as my said daughters respectively shall, by any deed or writing, (notwithstanding their coverture,) direct or appoint. And in default of such appointment by my said daughters or any of them, then to convey the said shares of my daughters respectively who shall not have made such appointment, upon their decease, to their right heirs for ever ; it being my hope and intention thus to secure a provision for my said daughters in case of any unforseen accident or misfortunes that may happen to them by marriage or otherwise."

After the decease of the testator, a deed of settlement and

partition was had, whereby particular lots of ground were allotted and set apart to the testator's daughter, Emily C. ; and she, having married Robert Tillotson, made a deed, pursuant to the power of appointment contained in the will, whereby these lots became vested in her trustee Thomas Knox, upon trust and to the use of the said Emily C. Tillotson during the term of her natural life and upon the further trust, as to the fee, to such persons as she should appoint.

These lots were afterwards sold to Leonard K. Smith—and Mr. and Mrs. Tillotson and the trustee Thomas Knox joined in conveying them ; while Smith gave back a bond and mortgage for securing five thousand dollars, part of the purchase money, with interest. They were made out to " Thomas Knox, trustee for Emily C. Tillotson, wife of Robert Tillotson."

Emily C. Tillotson afterwards died, without having made any disposition or appointment of the said lots, but leaving children, who were still alive. And then Thomas Knox, the trustee, died, while the bond and mortgage remained in his name.

Robert Tillotson, widower and late husband of the said Emily C. Tillotson, assumed to hold and did assign the bond and mortgage, in consideration of five thousand dollars, to Edward Minturn. Afterwards, the latter sold and assigned them to Thomas Tobias and the complainant Nicholas G. Kortright, as committee of Catharine Livingston, a lunatic. Tobias having died, the present complainant, as surviving committee, filed a bill to foreclose the mortgage. William Spencer had become the purchaser of the premises, subject to the said mortgage. He was made a party ; and raised an objection on the ground of want of parties : suggesting that Robert Tillotson had no right to sell and assign the bond and mortgage and that his children—the children of his wife Emily C. Tillotson—should be before the court.

Mr. *White* and Mr. *Sherwood*, for the complainant.

Mr. *Gerard*, for the defendant William Spencer.

1840.

KORTRIGHT
v.
SMITH.

1840.
KORTRIGHT
v.
SMITH.

June 9.

THE VICE-CHANCELLOR :—The validity of the mortgage and its being a subsisting lien for the amount that is claimed to be due upon it, is not at all disputed.

The only question made is, in relation to the complainants' right or title to the bond and mortgage as assignee under Robert Tillotson, surviving husband of his wife Emily, for whose benefit the bond and mortgage had been taken in the name of Thomas Knox, now also deceased, as her trustee. And the only party who raises this question is the defendant Spencer, a purchaser of the mortgaged premises subject to the mortgage, who insists and submits to the court that Robert Tillotson had no right or authority to assign the bond and mortgage ; that the same devolved in equity upon the infant children at the death of their mother and that they are necessary parties to the suit and without making them parties there ought to be no decree. It is true they will not be bound by the decree unless they are made parties to the suit and perhaps this court might go on and make a decree so far as the defendant Spencer is concerned, either for a sale of the property or for him to redeem from the mortgagee without prejudice to the rights of the children of Mrs. Tillotson in respect to the fund in the hands of the complainant, if it should eventually be made to appear that it belonged to them. But this court does not deal in that way. It avoids circuity and multiplicity of suits as far as possible and endeavors to do complete justice by deciding upon and settling the rights of all persons interested in the subject of the suit, by bringing them all before the court so as to make a decree that shall be binding on all and thereby avoid future litigation : Mitf. 164, 4th edit. ; Calvert on Parties, 3.

The court, moreover, requires the party who files a bill to show that he has title to what he claims ; and if it be in a particular capacity or character only that he is authorized by law to proceed, then that he clothe himself with that character: *Hunter* v. *Hallett*, 1 Edwards' Ch. Rep. 288.

On looking into the pleadings and the schedule annexed to the complainants' bill, I am convinced there is too much doubt hanging over this case, in relation to the right of the complainant to receive this mortgage debt, to permit this cause to proceed to a decree until the children of the late Mrs. Tillotson

are made parties to the suit and their rights or claims, in opposition to the control and authority which their father has exercised over the bond and mortgage, can be fairly presented to the court. It appears to me that they may, with great propriety, be made parties, in order that the question, as between them and the complainant, in relation to the beneficial interest or ownership in this money, may be determined. And that question, I think, it is competent for the defendant to raise, as he has done, in his answer. Without expressing any definite opinion upon it at present, I shall order the cause to stand over, with liberty to the complainant to amend his bill, by adding these children as parties defendant.

The costs of this hearing and of the order consequent thereon are to abide the decree which will be made on the final hearing.